# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MATTHEW BLACKBURN, #349241 | * | |
| Plaintiff | * | |
| v | * | Civil Action Case No. DKC-10-2684 |
| WARDEN | * | |
| Defendant | * | |

***

## MEMORANDUM OPINION

Counsel for Respondents has filed a response to Matthew Blackburn's complaint for emergency injunctive relief in which he asserts that prison gang members are planning to attack him upon his release from disciplinary segregation into the general prison population on November 8, 2010.

I.  Background

Blackburn is an inmate at the Western Correction Institution. On September 16, 2009, Blackburn was placed on administrative segregation pending an investigation into claims that he feared for his life because a hit was placed on him after he had withdrawn from gang participation. ECF No. 7, Exhibits 1-3. On September 18, 2009, Blackburn was removed from administrative segregation because he had an extended disciplinary segregation sentence and could be monitored in that status. ECF No. 7, Exhibit 1, ¶ 4, Exhibit 4. Respondents state that there has been no additional information about danger to his safety. ECF No. 7, Memorandum, p. 2, Exhibit 1, ¶ 4. On October 22, 2010, Blackburn was placed on administrative segregation for investigation of the claim presented here. ECF No. 7, Exhibits 5-7. Plaintiff has one documented enemy but that enemy is not housed at WCI. ECF Exhibit 1, ¶ 4 and Exhibit 8. Blackburn has not filed any administrative remedy procedure complaints about threats to his life.

II. Standard of Review

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). To obtain a preliminary injunction, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, __ U.S. __, 129 S.Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, _U.S. _, 130 S.Ct. 2371, 176 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Blackburn fails to establish that he is likely to suffer irreparable harm without emergency injunctive relief, and the motion for injunctive relief will be denied. His claims of imminent harm have been investigated and he does not have a documented enemy at WCI. Blackburn provides no additional information in support of his allegations. It bears noting that the daily maintenance of security and order in a correctional institution are "considerations ... peculiarly within the province and professional expertise of corrections officials." *See, e.g., Bell v. Wolfish*, 441 U.S. 520, 540 n. 23, 548 n. 29 (1979). Inmates do not have a constitutionally recognized liberty interest in a particular security classification or a constitutional right to be confined in a particular prison. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

III. Conclusion

Based on his allegations, Blackburn fails to establish that he is likely to succeed on the merits or the balance of equities tips in his favor. Accordingly, a preliminary injunction will be denied. Blackburn will be granted twenty-eight days to inform the court whether he wants to continue consideration of his claims, amend his claims, or withdraw this case from further consideration. A separate order follows.


Date:   November 8, 2010                        /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge